IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAHAL YUSUF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-2313-SAC |
| | ) |
| LORRIE A. STEVENS, et al., | ) |
| | ) |
|     Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On September 7, 2021, the undersigned U.S. Magistrate Judge, James P. O'Hara, issued an order to show cause why this personal-injury action should not be dismissed for lack of diversity subject-matter jurisdiction (ECF No. 10). The undersigned concluded that the complaint fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. Specifically, the undersigned observed,

> [t]he complaint indicates defendant Allison Transportation, LLC ("Allison") is "a foreign for-profit corporation operating in the State of Mississippi," and that defendant Landstar Ranger, Inc. is "a foreign for-profit corporation operating in the State of Florida." As an initial matter, the court finds it inconsistent that plaintiff refers to defendant Allison as a "corporation" when its name identifies it as an LLC, and significantly, the complaint is silent as to the identity and citizenship of defendant Allison's individual members. With respect to defendant Landstar, the complaint is silent as to the state where it's incorporated and the state where its principal place of business is located. Finally, with respect to plaintiff and defendant Lorrie Stevens, the complaint asserts they reside in Minnesota and Missouri, respectively, but the complaint makes no further representations as to their citizenship.[1]

---

[1] ECF No. 10 at 2.

Thus, the show-cause order directed the parties, by September 21, 2021, to file a joint status report, with affidavits attached, demonstrating the citizenship of each of the parties and showing cause why this case should not be dismissed for lack of jurisdiction.

On September 21, 2021, plaintiff and defendants filed separate reports in response to the court's show-cause order (ECF Nos. 12 and 11, respectively), neither of which is accompanied by a supporting affidavit.[2]  Plaintiff's report asserts that defendant Allison is a dissolved entity, but that at the time of the incident giving rise to the action, defendant Allison was "a Limited Liability Company organized and existing under the laws of the State of North Carolina."[3]  Plaintiff states that the "identity and residency of the owners and officers of Allison Transportation are currently unknown."[4]  Defendants' report contains the same representations with respect to defendant Allison's organizational structure and dissolution and also asserts that "[t]he citizenship of each of Allison Transportation, LLC's former members is currently unknown."[5]  Plaintiff's report

---

[2] Although plaintiff's report references an affidavit, the only exhibit submitted by plaintiff is a near-identical filing of his report. *See* ECF No. 12-1.  The court further notes that defendants' report indicates the parties did not confer regarding the court's show-cause order, but plaintiff's report, submitted and signed only by plaintiff's counsel, is inexplicably titled a "Joint Status Report." ECF Nos. 11 and 12.

[3] ECF No. 12 at 2.

[4] *Id.*

[5] ECF No. 11 at 2.

reiterates that plaintiff was a resident of Minnesota at all times relevant and makes no further representations as to his citizenship.[6]

The undersigned concludes the parties have failed to demonstrate the court's subject matter jurisdiction over this case. As stated in the court's show-cause order, the citizenship of a limited liability company is determined by the citizenship of each one of its members,[7] and the parties have not demonstrated the citizenship (or identity, for that matter) of defendant Allison's individual members. Further, plaintiff's purported state of residence is not sufficient, itself, to establish citizenship. An individual's residence is not equivalent to his domicile, and it is the latter that is determinative of citizenship.[8] In light of the parties' failure to demonstrate this court's diversity jurisdiction in response to the show-cause order, the undersigned recommends this action be dismissed without prejudice.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any

---

[6] Defendants' report states (consistent with plaintiff's report) that defendant Landstar Ranger, Inc. is a citizen of Delaware and Florida because it is a corporation incorporated under the laws of Delaware with its principal place of business located in Florida. ECF No. 11 at 2. Defendant Lorrie Stevens "does not dispute that she is a citizen of Missouri on the basis that her domicile is located within Missouri." *Id.* at 1.

[7] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[8] *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity").

objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS THEREFORE RECOMMENDED that the presiding U.S. District Judge, Sam A. Crow, dismiss this case without prejudice for lack of jurisdiction.

Dated September 23, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge