IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAHAL YUSUF,

        Plaintiff,

v.                                                                                         No. 21-2313-SAC-JPO

LORRIE A. STEVENS, et al.,

        Defendants.

MEMORANDUM AND ORDER

After considering the parties' responses to his show cause order why this personal injury action should not be recommended for dismissal for lack of diversity jurisdiction, (ECF# 10), the Magistrate Judge issued his report and recommendation ("R&R") that the action be dismissed without prejudice for lack of jurisdiction. ECF# 13. The R&R points out the shortcomings in what the parties have alleged and the lack of supporting affidavits. Specifically, the parties have failed to show not only the citizenship for each member of Allison Transportation, LLC, ("Allison LLC") but also the citizenship of the plaintiff. *Id.* at p. 3. The plaintiff timely objects to the R&R. ECF# 14.

Having limited subject matter jurisdiction, a district court works from a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). As the party asserting federal jurisdiction, the plaintiff has the burden to allege affirmatively those facts essential to show jurisdiction, and conclusory allegations will not suffice. *U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1990). "[F]ederal

1

courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Havens v. Colorado Department of Corrections*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)

For there to be diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation marks and citation omitted). "[N]o plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), *cert. denied*, 136 S.Ct. 1714 (2016). For individuals, it is not enough to allege residence, because residence is not same as citizenship. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person is a citizen of a state, if the person is domiciled" there, meaning that the "person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Because the plaintiff Sahal Yusuf is visiting Kenya and has limited access to communication technology, his son has filed an affidavit saying he has lived with or near his father for his entire life and that his father has resided in Minnesota since 2007, has a Minnesota driver's license, pays state income tax only in Minnesota, and lives in Brooklyn Park, Minnesota. Considering "the totality of the circumstances"

2

approach in *Middleton,* the court is satisfied by the plaintiff's showing that he is domiciled in Minnesota.

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. *Siloam Springs*, 781 F.3d 1236-37. A limited liability company is "an unincorporated association" and the court must consider "the citizenship of all its members." *Id*. at 1234. Thus, like partnerships, an LLC is a citizen of each and every State in which any member is a citizen. "[T]he relevant time period for determining the existence of complete diversity is the time of filing of the complaint." *Id*. at 1239. Even if the unique features of LLCs in a particular state make them appear more "corporate-like," the Tenth Circuit's approach is to follow *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990), and "determine citizenship based on that of the entity's members unless the entity has been formed as a traditional corporation under the relevant state law." *Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016).  In response to the Magistrate Judge's show cause order, the plaintiff did not name the "members" of Allison Transportation LLC and further admitted he did not know the "identity and residency of [its] owners and officers. ECF# 12, at 2. The defendants' response also was insufficient in that, "Since the aforementioned motor vehicle accident, Allison Transportation, LLC has been dissolved and is no longer carrying on the business or otherwise operating. The citizenship of each of Allison Transportation, LLC's former members is currently unknown." ECF# 11, ¶ 7.

To support his objection to the R&R, Yusuf comes forward with some additional information, but questions remain as the plaintiff has yet to allege that all

3

members of Allison Transportation LLC have diverse citizenship with the plaintiff. Yosuf submits documents obtained from the website of the North Carolina Secretary of State showing Allison Transportation to be a limited liability company with a status of withdrawn or dissolved. The documents name Rhonda Jones as a member with a North Carolina address and Larry Jones as president with the same North Carolina address. "An LLC is a statutory form of business organization . . . that combines characteristics of business corporations and partnerships." *Hamby v. Profile Products, L.L.C.*, 361 N.C. 630, 636, 652 S.E.2d 231 (2007). "[A]s its name implies, limited liability of the entity's owners, often referred to as 'members,' is a crucial characteristic of the LLC form, giving members the same limited liability as corporate shareholders." *Id.*

The plaintiff does not submit an affidavit setting forth conclusions and understandings made in reliance upon the documents downloaded from the Secretary of State's website. From what the plaintiff has presented, the court cannot infer or confirm that all members of Allison Transportation LLC at the time of the suit's filing had citizenship diverse from the plaintiff. The court agrees the plaintiff has come forward with some evidence, but the record must be more fully developed to show the citizenship of all Allison Transportation LLC members at the time of this suit's filing. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238-39. The plaintiff summarily asserts prejudice from dismissal. Because the plaintiff has some evidence indicating diverse citizenship, the court will direct the magistrate judge to allow the plaintiff the opportunity to conduct limited discovery to develop a record showing that all

members of Allison Transportation LLC were citizens of different states from the plaintiff when this suit was filed.

IT IS THEREFORE ORDERED that the court sustains the plaintiff's objection (ECF# 14) to the report and recommendation (ECF# 13) only insofar as the plaintiff will be allowed a certain time to conduct limited discovery in support of his burden to establish the requirements for diversity jurisdiction consistent with the Magistrate Judge's order and the law set forth above. The Magistrate Judge will direct this limited discovery and the plaintiff's presentation of a developed record showing diversity jurisdiction and any amended complaint, if necessary.

Dated this 13th day of October, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge